CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
for Charlottesville
FEB 11 2010
JOHN F. CORCORAN, CLERK
BY: /s/ Hugh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANN KARIMA GALLANT, | ) |
| Plaintiff, | ) Civil Action No. 3:10CV00006 |
| v. | ) **MEMORANDUM OPINION** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) By: Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

The plaintiff, Ann Karima Gallant, proceeding pro se, seeks a temporary restraining order enjoining any unlawful detainer and/or eviction proceedings presently pending in state court. Because the court lacks jurisdiction to grant the requested relief, the plaintiff's motion will be denied.

## Background

Invoking the court's diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff filed this action against the defendant, Deutsche Bank National Trust Company, on February 9, 2010. According to the plaintiff's pleadings and exhibits, the defendant initiated foreclosure proceedings against the plaintiff's home in March of 2008, and a trustee's sale was held on April 15, 2008. The plaintiff has since refused to vacate the property, prompting the defendant to initiate unlawful detainer and/or evictions proceedings against the plaintiff in the General District Court for the City of Charlottesville. The plaintiff recently received a Notice of Eviction from the Sheriff of the City of Charlottesville, which directs the plaintiff to remove herself and her belongings from the property by Tuesday, February 16, 2010.

In her complaint and an accompanying affidavit, the plaintiff alleges that, prior to the trustee's sale, the defendant provided "less than the required fourteen (14) days legal notice as

required by law." (Compl. at 5). The plaintiff further alleges that the defendant has engaged in "official misconduct" in the underlying state proceedings. For instance, the plaintiff alleges that the defendant improperly filed more than one unlawful detainer action against the plaintiff; that the defendant failed to properly serve the plaintiff; that the defendant falsely claimed that it provided adequate notice of the trustee's sale to the plaintiff; and that the defendant "has failed to show, legal, lawful or proper standing as holder in due course as required by law to proceed with any claim." (Pl.'s Aff. in Supp. of her Compl. at 4).

On February 10, 2010, the plaintiff submitted a letter advising the court of the current status of the state proceedings. According to the letter, one of the unlawful detainer actions was non-suited by the defendant on February 9, 2010. However, a second unlawful detainer action "remains in effect until March 6, 2010, thirty (30) days from the issuance of the Notice of Eviction." (Docket No. 10). She requests that a temporary restraining order be issued "as soon as possible" that "stay[s] any unlawful detainer and/or eviction actions until a hearing for a preliminary injunction can be set to replace the TRO."[1] (Docket No. 10).

## Discussion

A temporary restraining order, like a preliminary inunction, is an "extraordinary remedy" that should be issued "sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991). In order to obtain preliminary injunctive relief, the plaintiff must prove: (1) that she is likely to succeed on the merits; (2) that

---

[1] The court has construed the plaintiff's most recent submission as requesting that the motion for a temporary restraining order be decided without a hearing. In any event, the court notes that the abstention doctrine on which the court's decision is based may be raised sua sponte at any time. See Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976).

2

she is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of the equities tips in the plaintiff's favor; and (4) that an injunction would be in the public interest. The Real Truth About Obama v. Fed. Election Comm'n, 575 F.3d 342, 347 (4th Cir. 2009) (replacing the long-standing analytical framework employed in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 2001), for determining whether to grant preliminary injunctive relief, with the test articulated by the United States Supreme Court in Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374-376 (2008)). Applying the foregoing standard, it is clear that the plaintiff's motion for a temporary restraining order must be denied.

Pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), federal courts are precluded from exercising jurisdiction to enjoin pending state proceedings absent extraordinary circumstances. The Younger doctrine stems from principles of comity and federalism, and "recognizes that state courts are fully competent to decide issues of federal law and has as a corollary the idea that all state and federal claims should be presented to the state courts." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 251 (4th Cir. 1993). In sum, the doctrine requires a federal court to abstain from interfering in state proceedings, even if federal subject matter jurisdiction exists, if the following three factors are present:

> (1) there is an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the [claims] advanced in the federal lawsuit.

Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Applying the foregoing factors, the court concludes that abstention under Younger is clearly warranted. First, there are prior pending state court proceedings that directly relate to the plaintiff's claims. Second, Virginia has an important interest in resolving foreclosure and eviction disputes. See Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding that foreclosure and ejectment proceedings were important state interests under Younger). Finally, the court is convinced that the state court proceedings provide an adequate forum for the plaintiff to raise the claims asserted in the instant action. If the plaintiff is ultimately unsuccessful in the proceedings currently pending in the General District Court for the City of Charlottesville, she can and, indeed, must pursue appellate remedies available under state law. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (holding that "a necessary concomitant of Younger is that a party . . . must exhaust [her] state appellate remedies before seeking relief in the [federal] District Court"). Because the plaintiff has not alleged extraordinary circumstances that would qualify as an exception to the proper application of Younger and its progeny, the court concludes that it lacks jurisdiction to grant the requested preliminary injunctive relief.[2] Accordingly, the plaintiff's motion for temporary restraining order must be denied.

---

[2] "The Supreme Court has recognized that a federal court may disregard Younger's mandate only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied . . . is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." Nivens, 444 F.3d at 241 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

## Conclusion

For the reasons stated, the court will deny the plaintiff's motion for a temporary restraining order. The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to all counsel of record.

ENTER: This 11th day of February, 2010.

/s/ Glen Conrad
United States District Judge