

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ANN KARIMA GALLANT, )
)
Plaintiff, ) Civil Action No. 3:10CV00006
)
v. ) **MEMORANDUM OPINION**
)
DEUTSCHE BANK NATIONAL ) By: Hon. Glen E. Conrad
TRUST COMPANY, ) United States District Judge
)
Defendant. )

This case is presently before the court on the plaintiff's motion for entry of default and the defendant's motion to dismiss and/or alternative suggestion of bankruptcy. For the reasons that follow, the plaintiff's motion will be denied and she will be directed to file a response to the defendant's motion within fourteen days.

## Background

Ann Karima Gallant, proceeding pro se, filed this action against the defendant, Deutsche Bank National Trust Company, on February 9, 2010. According to the plaintiff's pleadings and exhibits, the defendant initiated foreclosure proceedings against the plaintiff's home in March of 2008, and a trustee's sale was held on April 15, 2008. The plaintiff has since refused to vacate the property, prompting the defendant to initiate unlawful detainer and/or evictions proceedings against the plaintiff in the General District Court for the City of Charlottesville. In the present action, the plaintiff challenges the propriety of the foreclosure proceedings, and claims that the defendant violated state and federal law.

On the same date that the plaintiff's complaint was filed, a summons was issued at the plaintiff's request. The summons listed the following name and address for the defendant:

> Josef Ackermann
> Deutsche Bank National Trust Company
> c/o E. Edward Farnsworth, et al of c/o Shapiro & Burson, LLP
> 236 Clearfield Avenue Suite 215
> Virginia Beach, VA 23462

(Docket No. 9).

On February 12, 2010, the plaintiff returned an executed summons to the court, along with a proof of service form. The form indicated that the summons and complaint were personally served on attorney Fulton Patrick at the General District Court for the City of Charlottesville on February 9, 2010.

On March 12, 2010, the plaintiff filed a motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In an accompanying affidavit, the plaintiff averred that the summons and complaint were "served" upon the defendant "by and through counsel, Fulton Patrick, of Shapiro & Burson, LLP." (Docket No. 16). In a subsequent letter addressed to the Clerk of Court, the plaintiff asserted that service was properly effected on the defendant, since "[b]oth Fulton J. Patrick and E. Edward Farnsworth . . . are Attorneys and are or were representing Deutsche Bank National Trust Company in two unlawful detainer cases in the Charlottesville City General District Court." (Docket No. 22).

On March 25, 2010, the defendant filed a motion to dismiss and/or alternative suggestion of bankruptcy. While the defendant maintains that it has not yet been properly served with process, the defendant nonetheless argues that the complaint should be dismissed for failure to state a claim upon which relief may be granted.

In response to the defendant's motion and a subsequent Roseboro[1] notice, the plaintiff filed a pleading in which she seeks review of her motion for entry of default. The plaintiff also argues that the Clerk acted improperly by failing to immediately enter default against the defendant.[2]

## Discussion

### I. Plaintiff's Motion for Entry of Default

Prior to obtaining a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, there must be an entry of default under Rule 55(a). Rule 55(a) provides that the clerk must enter a party's default, when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. 55(a). While no action by the court is required under Rule 55(a), "the court also has the ability to enter a default, or to order the clerk to enter the default on the docket." 10 R. Bloom, Moore's Federal Practice § 55.12 (3d ed. 2010); see also 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2682 (3d ed. 2010) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").[3]

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] Plaintiff filed a pleading charging the Clerk of Court with "18 U.S.C. Chapter 73 - Obstruction of Justice - § 1506," and a petition seeking the court to review the pleading. For the reasons stated herein, plaintiff's petition is dismissed, and the relief sought in the pleading is denied. In any event, the court notes that requests for the initiation of criminal process should be directed to the United States Attorney's Office.

[3] In this case, the plaintiff's motion for entry of default was initially reviewed by the Clerk's Office. The Clerk's Office brought the motion to the court's attention and noted that it appeared from the record that the defendant was not properly served with process. Upon reviewing the plaintiff's motion, the court advised the Clerk's Office that the court would rule on the matter. To the extent the plaintiff now argues that the Clerk erred by not immediately granting the motion, the plaintiff's argument is without merit.

3

Before a default can be entered under Rule 55(a), "the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Federal Practice and Procedure, supra; see also Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). When it appears from the record that a defendant has not been adequately served, "neither entry of default nor entry of default judgment would be proper." Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995).

The permissible methods for serving a corporation are set forth in Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h)(1) provides that service may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), service may be effected pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Virginia, process may be served upon a domestic corporation either by "personal service on any officer, director, or registered agent of such corporation," or by substituted service on the clerk of the State Corporation Commission. See Va. Code § 8.01-299.

In light of the foregoing requirements, it is abundantly clear from the record that the defendant has not been properly served in this case and, thus, that the plaintiff is not entitled to an entry of default under Rule 55(a). As previously stated, the plaintiff served copies of the

summons and the complaint on Fulton Patrick, an attorney who represented the defendant in the unlawful detainer proceedings pending in General District Court. While the plaintiff contends that Patrick's role as defense counsel in the state court proceedings establishes that he is the defendant's registered agent for purposes of service of process, the plaintiff's argument is without merit. As this court previously explained in Roden v. Diah, 2008 U.S. Dist. LEXIS 102828 (W.D. Va. Dec. 19, 2008), "the attorney-client relationship, standing alone, does not establish that an attorney is an agent authorized to accept service on behalf of his client." Roden, 2008 U.S. Dist. LEXIS 102828, at *19. "Indeed, even where an attorney has broad power to represent a client, 'these powers of representation alone do not create a specific authority to receive service.'" Davies v. Jobs & Adverts Online, 94 F. Supp. 2d 719, 722 (E.D. Va. 2000) (quoting United States v. Ziegler Bolt and Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997)). In the absence of any evidence that the defendant authorized Patrick to accept service in the instant action or that Patrick ever represented to anyone that he had such authority, the court concludes that service of the summons and complaint on Patrick was insufficient to effect service on the defendant. Because the defendant has not been properly served with process, the plaintiff's motion for entry of default must be denied. See Compton v. Lowe's Companies, Inc., 2009 U.S. Dist. LEXIS 108156, at *3-4 (S. D. Ill. Nov. 19, 2009) (denying the plaintiff's motion for default judgment on the basis that service had not been properly effectuated, where the plaintiff only served the defendant's attorney).

II. **Defendant's Motion to Dismiss and/or Alternative Suggestion of Bankruptcy**

Subsequent to the filing of the plaintiff's request for entry of default, the defendant filed a motion to dismiss and/or alternative suggestion of bankruptcy. Although the defendant maintains

that it has not been properly served with process, the defendant nonetheless argues that the plaintiff's complaint fails to state a claim upon which relief may by granted. By choosing to address the merits of the plaintiff's claims and appearing voluntarily for that purpose, the defendant has made a general appearance. As a result, the court concludes that the defendant has waived formal service of process in this case, and that the case must be decided on the merits. Roden v. Diah, 2008 U.S. Dist. LEXIS 102828, at *22; see also United States v. Martin, 356 F. Supp. 2d 621, 624 (W.D. Va. 2005) (holding that the defendant waived his right to service of process by responding to the merits of the plaintiff's claim). Accordingly, the plaintiff will be directed to file a response to the defendant's motion within fourteen days of the date of entry of this order.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to the plaintiff and all counsel of record.

ENTER: This 16th day of April, 2010.

_____
United States District Judge